UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARBARA BATTLE, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-1449 (JR) |
| ) | |
| **DISTRICT OF COLUMBIA, et al.,** ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, by the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and 21, hereby move this Court (1) to dismiss defendant Michelle Rhee from this action, and (2) to dismiss, without prejudice, the claims of Plaintiffs Shawn Banks, Melodia Phillips, Yvonne Stanton and Cassandra Wheaton.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, are attached hereto.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [012914]
Chief, Equity Section II

                        */s/ Richard A. Latterell*
RICHARD A. LATTERELL [502127]
Assistant Attorney General
Civil Litigation Division
Equity Section II
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626 (telephone)
(202) 715-7820 (facsimile)
Richard.latterell@dc.gov

September 3, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA BATTLE, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 08-1449 (JR) |
| DISTRICT OF COLUMBIA, et al., ) | |
| Defendants. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

On August 20, 2008, Plaintiffs Barbara Battle, Shawn Banks, Melodia Phillips, Yvonne Stanton and Cassandra Wheaton filed their captioned Complaint For Declaratory Judgment, Injunctive And Other Relief ("Complaint") with this Court, pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). Combined in the Complaint are challenges on behalf of five different IDEA-eligible students as to five different Hearing Officer's Decisions ("HODs"), each issued on different dates by different Hearing Officers, and each involving separate facts and legal issues. The administrative decisions involved are as follows:

(1) A.M.'s HOD, issued July 13, 2008, by Hearing Officer Frederick E. Woods (Compl. ¶ 14 and Ex.1);

(2) D.B.'s HOD, issued June 20, 2008, by Hearing Officer Julius P. Terrell (Compl. ¶ 20 and Ex. 11);

(3) T.P.'s HODs, issued December 1, 2006 and May 23, 2008, by Hearing Officers H. St. Clair and Terry Michael Banks, respectively (Compl. ¶¶ 48, 59 and Ex. 44, 55);

3

    (4) K.T.'s HOD, issued April 17, 2008, by Hearing Officer Terry Michael Banks (Compl. ¶ 68 and Ex. 56); and

    (5) D.W.'s HOD, issued June 17, 2008, by Hearing Officer Frederick E. Woods (Compl. ¶ 84 and Ex. 64).

For the reasons set forth below, Defendants submit that Defendant Michelle Rhee should be dismissed from this action because she is not a proper party, and that the claims of Plaintiffs Shawn Banks, Melodia Phillips, Yvonne Stanton and Cassandra Wheaton should be dismissed because they are misjoined under Fed. R. Civ. P. 21.

## ARGUMENT

**I.**    **Standard of Review.**

For many years, the standard of review in determining the sufficiency of a complaint, when faced with a motion to dismiss, was that set forth by the Supreme Court in *Conley v. Gibson,* 355 U.S. 41 (1957): "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. In the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955 (2007), however, the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* (citations omitted).

4

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.*

## II. Defendant Michelle Rhee is not a proper party in interest.

When sued in their official capacities, government officials are not personally liable for damages. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself. *Graham*, 473 U.S. at 165-66; *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996); *Hinson ex rel. N.H. v. Merritt Educational Center*, 521 F. Supp.2d 22, 34 (D.D.C. 2007) (because the complaint contained no allegations whatsoever of actions taken by the Mayor, the suit was effectively one against the District of Columbia).

In the context of IDEA administrative appeals, courts have dismissed suits against individually named education officials, sued in their official capacities, for failure to state a claim. For example, in *Alston v. District of Columbia*, 2008 WL 2461034 (D.D.C. June 19, 2008), the plaintiffs had brought suit under the IDEA, alleging that the District, its former Superintendent of Schools, Clifford Janey, and seven current and former officials of the District of Columbia Public Schools ("DCPS") had denied a free appropriate public education ("FAPE") to plaintiff C.A., a student with disabilities. *Alston*, 2008 WL 2461034 at *1. The *Alston* Court dismissed the Superintendent and the individually named DCPS officials, sued in their official capacities, leaving only the IDEA claims against the District. *Alston*, 2008 WL 2461034 at *3.

5

Similarly, in *Yamen by Yamen v. Bd. of Educ. of Arlington Cent. School Dist.*, 909 F. Supp. 207, 210-211 (S.D.N.Y. 1996), the plaintiff brought an action under the IDEA against the individual New York State Commissioner of Education, appealing an IDEA administrative decision.  The Court dismissed the claims against the Commissioner for failure to state a claim, holding that the Commissioner could not be held liable for general supervisory violations over the particular school system, and that the proper defendant was the Board of Education of the Arlington Central School District.  *Yamen*, 909 F. Supp. at 210-211; *see also Bradley v. Ark. Dep't of Educ.*, 301 F.3d 952, 956-57 (8th Cir. 2002) (dismissing claims seeking compensatory and punitive damages under the IDEA against individually named state officials).

Here, the Complaint's caption indicates that Ms. Rhee is sued "(officially)."  Compl. p. 2.  Plaintiffs' Complaint contains no allegations of any actions taken by Chancellor Michelle Rhee, but rather takes issue only with certain HODs.  Compl. ¶¶ 11-95.  After construing the allegations in Plaintiffs' Complaint under either the *Conley* or *Twombley* standards, it is clear that Chancellor Rhee is not a proper (or, at a minimum, is an unnecessary) party to this suit because the Complaint challenges only the activities taken by the District of Columbia Public Schools ("DCPS"), and the District has already been named as a party-defendant in this case.  Therefore, Plaintiffs' Complaint against Chancellor Rhee should be dismissed.

**III.    The claims of Plaintiffs Shawn Banks, Melodia Phillips, Yvonne Stanton and Cassandra Wheaton should be dismissed, without prejudice, under Rule 21.**

Fed. R. Civ. P. 21 governs misjoinder of parties.  Rule 21 states that, although misjoinder "is not grounds for dismissal of an action," parties may be dropped by order of the court on motion of any party or by the Court's own initiative, and that any claim brought by an improperly joined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21; *see also Brereton v. Communications Satellite Corp.*, 116 F.R.D. 162 (D.D.C. 1987); *Securities and*

6

*Exchange Commission v. National Student Marketing Corp.*, 360 F. Supp. 284, 295-96 (D.D.C. 1973).

In *Brereton v. Communications Satellite Corp.*, 116 F.R.D. 162 (D.D.C. 1987), the Court noted that other Circuits had analyzed misjoinder under Rule 21 by applying the preconditions for permissive joinder of parties in Rule 20(a). *Brereton*, 116 F.R.D. at 163; *Sabolsky v. Budzanoski*, 457 F.2d 1245 (3d Cir.), *cert. denied*, 409 U.S. 853 (1972); *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619-20 (2d Cir.), *cert. denied*, 393 U.S. 977 (1968); *Great American Ins. Co. v. Louis Lesser Enterprises, Inc.*, 353 F.2d 997, 1001 (8th Cir. 1965).

Federal Rule 20(a) applies a two-prong test for permissive joinder: (1) the complaint must either assert joint and several liability or must allege that the case against each party arises out of "the same transaction, occurrence, or series of transactions," and (2) there must be questions of law or fact that are common to each party. Fed R. Civ. P. 20(a); *Cohen v. D.C. National Bank*, 59 F.R.D. 84, 87 (D.D.C. 1972). When determining whether claims arise out of the same transaction or occurrence, "a case-by-case approach is generally pursued because no hard and fast rules have been established." *Baily v. Northern Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

Notably, Rule 20(a)'s common transaction or occurrence prong is not satisfied when parties merely engaged in similar types of behavior, but the parties were otherwise unrelated, had acted independently of each other, and the complaint had not alleged the parties acted in concert or conspiracy. *U.S. ex rel. Grynberg v. Alaskan Pipeline Co.*, 1997 WL 33763820, at *1-2 (D.D.C. 1997); *Nassau County Assoc. of Ins. Agents v. Aetna Life & Casualty*, 497 F.2d 1151 (2d Cir.1974) (refusing to join 164 insurance companies accused on antitrust violations because there was "no allegation of conspiracy or other concert of action"); *Cohen*, 59 F.R.D. 84 (refusing to

7

join eleven banks allegedly engaged in usury because the actions were independent of one another); *United States v. Mississippi*, 380 U.S. 128 (1965) (upholding joinder of independent county voting boards because the boards denied civil rights pursuant to a state-wide policy). The similarity of parties' actions may speak to the second prong of Rule 20(a)'s test - common questions of law or fact - but it does not speak to the first prong.

   Here, Plaintiffs' Complaint challenges a different Hearing Officer's Determination ("HOD") for each of the five students. Compl. ¶¶ 14, 20, 48, 59, 68, 84. Indeed, Plaintiffs have attached copies of those disputed HODs to their Complaint. Compl. Ex.1, 11, 44, 55, 56, 64. At best, Plaintiffs might be deemed to assert commonality in that each of their administrative proceedings are said to involve a similar, general procedural deficiency: "in each of decision [sic] the hearing officers did not engage in a fact specific inquiry which would have allowed each them [sic] to appropriately award each student compensatory education . . . ." Compl. ¶ 90. However, the Complaint lacks any allegations that the Hearing Officers somehow acted in concert or conspiracy with each other. Rather, each claim involves different Hearing Officers, who conducted hearings on differing dates, resulting in different HODs. Each claim involves a separate student, with unique needs and circumstances. Each claim is an appeal of an HOD with its own particular set of legal theories and allegations. Therefore, the factual and legal differences between each claim defeat any possibility of establishing a common transaction or occurrence for purposes of Rule 20(a).

   Plaintiffs might further be argued to establish commonality among themselves by alleging that each of the Hearing Officers failed to apply the standard for compensatory education awards described by this Circuit in *Reid v. Dist. of Columbia*, 401 F.3d 516, 518 (D.C.

8

Cir. 2005). Compl. ¶¶ 93-95. However, as discussed above, common questions of law do not constitute a common transaction or occurrence for purposes of Rule 20(a).

In short, the only commonality between the Plaintiffs appears to be their status as students in the District of Columbia. But because Plaintiffs cannot satisfy the common transaction or occurrence test of Rule 20(a), they are misjoined for purposes of Rule 21, and this Court should dismiss, without prejudice, the claims of Plaintiffs Shawn Banks, Melodia Phillips, Yvonne Stanton and Cassandra Wheaton, leaving only the claims of the lead Plaintiff. The dismissed Plaintiffs may then bring separate actions, subject to timely filing requirements.[1]

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court dismiss Defendant Michelle Rhea from this Action, and dismiss, without prejudice, the claims of Plaintiffs Shawn Banks, Melodia Phillips, Yvonne Stanton and Cassandra Wheaton, leaving only the claims of the lead Plaintiff.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

[1] On its face, it appears that the claim of Plaintiff Yvonne Stanton, parent and next friend of K.T., is untimely. The IDEA provides, in relevant part, that the party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action. 20 U.S.C. § 1415(i)(2)(B); *see also R.P. v. District of Columbia*, 474 F. Supp. 2d 152, 152-153 (D.D.C. 2007), *aff'd without opinion*, 276 Fed. Appx. 1 (D.C. Cir. Mar 28, 2008) ("under the plain language of the IDEA, the 90-day period in which a party must file a civil action runs from the date of the hearing officer's decision, rather than from the date of service or notice"). Here, since K.T.'s HOD is dated April 17, 2008, K.T.'s ninety-day period for bringing an appeal expired on July 16, 2008, yet the instant Complaint was not filed until August 20, 2008.

9

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH [012914]
        Chief, Equity Section II

        */s/ Richard A. Latterell*_____
        RICHARD A. LATTERELL [502127]
        Assistant Attorney General
        Civil Litigation Division
        Equity Section II
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6626 (telephone)
        (202) 715-7820 (facsimile)
        Richard.latterell@dc.gov

September 3, 2008

## UNIT UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **BARBARA BATTLE, et al.,** | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 08-1449 (JR) |
| **DISTRICT OF COLUMBIA, et al.,** | ) |
| Defendants. | ) |

## **ORDER**

Upon consideration of the Defendants' Motion to Dismiss, the memorandum of points and authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this ____ day of _____, 2008;

**ORDERED** that the Defendants' Motion to Dismiss, shall be and the same is hereby **GRANTED**; and it is

**FURTHER ORDERED** that Defendant Michelle Rhee is dismissed; and it is

**FURTHER ORDERED** that the claims of Plaintiffs Shawn Banks, Melodia Phillips, Yvonne Stanton and Cassandra Wheaton are dismissed without prejudice.

HONORABLE JAMES ROBERTSON
District Judge